## Pierre H. Berthold

### vs.

## Patrick Fox et al.

In the absence of fraud or mistake, a mortgagee will not be permitted to prove by parol that it was agreed or understood at or prior to the time of the execution of the mortgage, that he should take and retain possession of the mortgaged premises.

It is settled in this State, that ordinarily the owner of a mortgage of real estate is not entitled, before foreclosure, to the possession of the lands mortgaged, or of the timber growing or lying thereon.

The mortgage is presumed to set forth the whole agreement of the parties, and the extent and nature of the agreement, and parol evidence is not admissible (in the absence of fraud or mistake) to contradict its settled legal construction.

When a mortgage was given the mortgagor had one year after the sale of the mortgaged premises within which to redeem, but was not allowed the possession between the time of the sale and the redemption; before the foreclosure of the mortgage the law was so changed as to give the mortgagor the possession of the premises during the year allowed for redemption, on payment of the interest. *Held*, that this change of the law did not impair the obligation of the mortgage contract.

A person having neither possession, nor right of possession, can not maintain replevin.

The possession of one tenant in common is presumed not to be unlawful, or adverse to his co-tenant; and the entry of a person on the common land under a license from either is presumed legal.

In an action of replevin, in the absence of evidence of fraud, malice, negligence or oppression, or of special damages, the measure of the defendant's damage for the taking of his property by the plaintiff on the writ of replevin, is the value of the property at the time it was taken, with interest on that sum up to the time of the trial.

This is an action of " claim and delivery," and was commenced in the District Court for Washington County in July, 1865, against Patrick Fox and John O'Brian, partners as O'Brian & Fox, Elias W. Holman, and William H. C. Folsom. The complaint alleges, substantially, that on and prior to the 16th of June, 1858, the defendant Fox and one Taylor were owners in fee of certain described lands in Pine County; that on said 16th day of June said Taylor and Fox executed a mortgage upon said lands, containing the usual power of sale, to one Amedee Berthold, to secure a debt due from the mortgagors to a firm in St. Louis, which mortgage was duly recorded in Pine county on the 11th day of August, 1868; and that the mortgagors delivered possession of the lands to the mortgagee, who went into possession under the understanding and agreement that he was to hold such possession till

Berthold v. Fox et al.

the debt secured by the mortgage was paid; that on the 20th day of August, 1864, said mortgage was foreclosed by advertisement, and said lands duly sold by the sheriff of Pine county to the plaintiff, for the amount then due upon the mortgage; and the sheriff's certificate of the sale was duly recorded September 2, 1864; that no portion of said lands has been redeemed; that the plaintiff at the time of said foreclosure sale was the owner and holder of the claim secured by said mortgage, the same having, long before that time, been duly sold, transferred and assigned to him; that during the years 1862, 1863, 1864 and 1865, the defendants Fox & O'Brian, without the knowledge or consent of said Amedee Berthold, or the plaintiff, cut the pine timber growing upon the lands embraced in the mortgage into saw-logs, and placed certain described marks upon them, and during the spring and summer of 1865 removed a large portion of them from said lands; that the described log marks were duly recorded in the name of defendants O'Brian & Fox; that said logs are in the possession of the defendants; that defendant Folsom claims to own and holds possession of a large portion of the same, by virtue of an instrument in writing executed by said O'Brian & Fox, dated October 5, 1864, duly filed and recorded; that defendant Holman claims to own and hold possession of such of the logs as are not conveyed to Folsom, by virtue of a similar instrument executed by said O'Brian & Fox, dated October 15, 1864, duly filed and recorded, to secure the payment of certain large sums of money; that the defendants wrongfully detain the possession of said logs from the plaintiff. Under the proceedings in the action the property was taken from the defendants and delivered to plaintiff. The defendants all answered except Holman, who demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This de-

murrer was sustained by the Court below, and on appeal the order sustaining it was affirmed in this Court. (See *Berthold vs. Holman et al.*, 12 *Minn. R.*, 335.) The cause coming to trial in the Court below before a jury, the plaintiff offered testimony to sustain the allegations of the complaint, and among other things to prove that at the time the mortgage was executed "the possession of the land described in said mortgage was actually delivered to the mortgagee, * * * and remained in him and his assignee, the plaintiff, as in the complaint set forth." The defendants objected to the reception of all such testimony as irrelevant and immaterial. The Court sustained said objections, and plaintiff excepted; whereupon the plaintiff rested. The defendants introduced testimony to prove the quantity and value of the logs taken. Exceptions were taken by the plaintiff to the rulings of the Court on the reception of evidence in that regard, as well as to its charge to the jury, which appear in the opinion. The jury found the defendants entitled to a return of the property, being 300,000 feet of logs, or the value thereof, found by them to be $5100, and assessed the damages for the detention at $401.62. The plaintiff made a motion for a new trial, which was denied. He appeals from the order denying the same to this Court.

CORNMAN & STICKNEY for Appellant.

H. N. SETZER for Respondents.

*By the Court*—WILSON, Ch. J.—This case comes before us on an appeal from an order denying the plaintiff a new trial. Great stress is laid by the appellant on the alleged fact "that at the time the mortgage was executed and delivered, the possession of the land described in said mortgage was

Berthold v. Fox et al.

actually delivered to the mortgagee, (who assigned to the plaintiff,) and remained in him and his assignee, the plaintiff, as in the complaint set forth." The complaint on this point alleges that on the 16th day of June, 1858, the owner of the land conveyed it to Amedee Berthold, under whom the plaintiff holds, and "that at the time of the execution and delivery of said mortgage, as aforesaid, the said Nathan C. D. Taylor and defendant Patrick Fox, (mortgagors,) did then and there deliver to said Amedee Berthold full and entire possession of said·lands conveyed by said mortgage, and the said Amedec Berthold then and there entered into full possession thereof under the mutual understanding and agreement by and between the said mortgagors and said Berthold, that he should have and hold possession of said lands until the money received by said mortgagor should be paid, and said mortgage fully satisfied." It is not alleged that the mortgagee remained in possession even one day, or that he assigned or conveyed, or attempted to assign or convey to the plaintiff, his assignee, the possession, or right of possession, or that the plaintiff ever was in possession. The evidence offered, therefore, would at best have only shown that the plaintiff's grantor was in possession for an indefinite period of time, and from the facts alleged in the complaint it is apparent that at least during the years 1862, 1863, 1864 and 1865, neither he nor the plaintiff was in possession. It is not pretended that a right to the possession was secured to the mortgagee by any covenant or stipulation in the mortgage, or. by any written agreement, and it is a rule of evidence that in the absence of fraud or mistake, parol evidence is inadmissible to vary a written contract. The writing is conclusively presumed to set forth the whole agreement of the parties, and·the extent and nature of the agreement.

The appellant, therefore, could not have been permitted to

prove by parol, for the purpose of varying the mortgage, any understanding prior to, or contemporaneous with its execution, and fraud or mistake not being alleged, the terms of the mortgage bounds the rights and liabilities of the parties. It is settled in this State that ordinarily the owner of a mortgage of real estate is not entitled, before a foreclosure, to the possession of the lands mortgaged, or of the timber growing or lying thereon. *Adams vs. Carrolton*, 7 *Minn.*, 456; *Donnelly vs. Simonton*, *ib.*, 167; *Berthold vs. Holman*, 12 *ib.*, 337. And we think this case is not an exception to the general rule. When this mortgage was given, a mortgagor had one year after the sale of the mortgaged premises within which to redeem, but had not the possession between the time of the sale and the redemption. Subsequently, and before the foreclosure, the law was so changed as to give him the possession during that time, on payment of interest. This change in the law, the appellant insists, impairs the obligation of his contract. When this case was last before us, we held—following the earlier decisions of this Court—that it was competent for the legislature to make such change, and we are still of the opinion that that decision is supported by the authorities therein cited. If it is by virtue of the *contract* of the parties that the mortgagor is permitted to retain possession, on the payment of a given rate of interest in advance, clearly it would be impairing the obligation of that contract for the legislature to give him the possession on the payment of a less rate of interest, or without payment in advance, and the earlier cases in this Court could not be sustained on principle. A right secured by contract can no more be modified, limited, or made to depend on any conditions or terms, than it can be taken away. The ground on which the earlier decisions of this Court were based, and the only ground on which they can be sustained, is, that the possession during

the time allowed for redemption is not a right secured by the contract, but one that merely relates to the remedy, and which is therefore within the control of the legislature. This case differs from those in circumstance, and not in principle. And we think the doctrine which has so long been considered settled should not now be questioned.

The plaintiff having neither the possession, nor right of possession, cannot maintain this action. *Berthold vs. Holman*, 12 *Minn.*, and cases there cited.

The fact that Taylor and Fox were the mortgagors, and owners of the land, and Fox and his partner O'Brian cut and removed the timber, does not change the aspect of the case.

The possession of one tenant in common, is presumed not to be unlawful, or adverse to his co-tenant, and it is not doubted but that O'Brien acted in the premises under license and authority from Fox.

It is alleged as error, that the Court permitted the defendants on the trial to show what had been the highest market value of the logs at any time after they were replevied.

There does not appear in this case a word of evidence to show fraud, malice, negligence or oppression on the part of the plaintiff, and there is no circumstance distinguishing this from an ordinary action for the claim and delivery of personal property, to the possession of which the plaintiff honestly believes himself entitled. Under these circumstances, at any rate, the jury should have found the value of the property at or about the time it was replevied by the plaintiff, and it was error to permit evidence to go before them of its value at any other time. See *Sedgwick on Measure of Damages*, 481, and cases therein referred to. The verdict shows that the jury was probably misled by this evidence, for the damages found far exceed what they would be, measured by the rule above indicated.

There were no special damages proven, and under such circumstances the defendants were only entitled to the value of the logs at the time of the taking, with interest on that sum up to the time of the trial. The Court charged the jury: "If you believe the plaintiff took the logs wrongfully, the rule of damages in this case we instruct you, is, the market value of the logs at the time they were taken by the plaintiff, unless you believe from the evidence, that the plaintiff took said logs maliciously, in which case, you will find the highest market value between the time of taking and the trial of this cause." The jury had no right to find that the plaintiff took the logs maliciously, for there *was no evidence* to justify such finding. That the plaintiff erred in his remedy, or as to his right to the logs does not show malice, or make a case for punitive damages, but if this was such a case, it would not be incumbent on, but merely discretionary with the jury, to find the highest value of the logs.

The order appealed from is reversed and a new trial ordered.