## GEORGE R. SHERMAN *vs.* GEORGE M. CLARK.

### August 11, 1877.

**Claim and Delivery—Venue—Waiver by Stipulation.**—This is an action of claim and delivery brought in the district court for Dodge county, to recover personal property detained by the defendant in Olmsted county. *Held*, that defendant waived his right under Laws of 1876, *c.* 51, to have the action tried in the latter county, by a stipulation that the case should go to a referee to report the evidence to the district court for Dodge county, before which either party might bring the case to trial on notice.

**Chattel Mortgage—When Mortgagor Entitled to Possession.**—A chattel mortgage contained a provision of the purport that if default be made in the payment of the mortgage debt, or if the mortgagee shall at any time before the debt becomes due deem himself insecure, he is authorized to take possession of and to sell the mortgaged property. *Held*, that under this provision of the mortgage the mortgagor is entitled to the possession of the mortgaged property, until default in the payment of the mortgage debt, or until the mortgagee shall deem himself insecure.

**Claim and Delivery—Time when Value of Property is to be Assessed.**—In an action of claim and delivery, in which the plaintiff recovers for a wrongful taking, the value of the property taken is to be assessed as of the time of the taking.

**Same—When Value of Use Allowed as Damages.—**When the value of the property is assessed as of the time of the wrongful taking, it is not improper to allow the value of the use of the property as damages for the wrongful detention, in any case in which it does not appear that the property is of such a nature that it necessarily or in fact perishes, or wears out, or becomes impaired in value in the using.

**Same—When Judgment should be in the Alternative.—**In an action of claim and delivery in which the plaintiff recovers, and in which the property wrongfully taken or detained has not been delivered to him, the judgment should be in the alternative.

This was an action of claim and delivery brought in the district court for Dodge county to recover possession of a pair of horses, a set of harness, a wagon, a set of double sleighs, and other personal property, taken by the defendant, under a chattel mortgage, and detained in Olmsted county. The complaint was filed in March, 1875. By stipulation of the parties the cause was referred to a referee to report the evidence to the district court for Dodge county, with the further stipulation that either party might bring the cause on for hearing and trial before the said court, upon ten days' notice after the said report had been filed. The defendant subsequently objected to the taking of any evidence before the referee, because the action was brought in the county of Dodge, while the property sought to be recovered was detained in the county of Olmsted. The evidence having been reported pursuant to the stipulation, and the cause having been brought on for trial,(the district court for Dodge county, *Lord,* J., presiding,) found in substance that the said chattels were mortgaged November 3, 1874, to secure a promissory note made and delivered at the same time by the plaintiff to one George B. Arnold, and payable one year from date; that the only proviso in said mortgage relating to the possession of the said property was the following: "But if default be made in such payment, or if the said George B. Arnold shall, at any time before the debt aforesaid becomes due, deem himself insecure, he, the said George B. Arnold, is hereby authorized to take possession of, and to sell at public sale, after giving the

like notice of the time and place of such sale as is required by law for constables' sales, or at private sale, the personal property hereinbefore mentioned, or so much thereof as may be necessary to satisfy the said debt, interest, and reasonable expenses, and retain the same out of the proceeds of such sale; the overplus or residue, if any, to belong and be returned to the said G. R. Sherman;" that on January 19, 1875, the note and mortgage were purchased by and assigned to the defendant, who, although he did not then or thereafter deem himself insecure, took immediate and forcible possession of the mortgaged property, and refused to deliver the same to the plaintiff when demanded; that the value of said property at the time of the taking was three hundred dollars, and that the value of the use of said property during the time it had been detained was two hundred dollars, and that defendant had sold and disposed of said property, and that possession thereof could not be obtained. The court, therefore, further found, as conclusions of law, that defendant's taking and detention of the property was wrongful, and that plaintiff was entitled to recover possession of it; but that possession of the property could not be had, and that therefore plaintiff was entitled to recover its value, or three hundred dollars, and also to recover two hundred dollars' damages for the taking and detention of the same. It was therefore ordered that judgment be entered for the plaintiff in tho sum of five hundred dollars, and a motion for a new trial having been denied, the defendant appealed from the order denying that motion.

*Jones & Gove*, for appellant.

The execution of a chattel mortgage invests the mortgagee with the title, although subject to be defeated by subsequent performance of the condition, (*Hall* v. *Sampson*, 35 N. Y. 274,) and the mortgagee is therefore entitled to the possession of the property before the maturity of the debt. *Pickard* v. *Law*, 15 Me. 48; *Brackett* v. *Bullard*, 12 Met. 308; *Coty* v. *Barnes*, 20 Vt. 78; *Butler* v. *Miller*, 1 N. Y. 496; Story on Bail. 197.

The provision in the mortgage found by the court as relating to the possession of the mortgaged property does not enlarge or restrict the right of possession, but merely contains a power to sell the property before the maturity of the debt, and provides how that power shall be exercised.

The court also found, as a conclusion of law, that possession could not be had, and therefore ordered judgment to be entered for the value of the property. It is clear, however, that the judgment should have been entered in the alternative, because even the sale of the property would not necessarily preclude its recovery. Gen. St. c. 66, § 249; *Glann* v. *Younglove*, 27 Barb. 480; *Dwight* v. *Enos*, 9 N. Y. 470; *Fitzhugh* v. *Wiman*, 9 N. Y. 559. The measure of damages in this case was the value of the property at the time it was taken, and interest.

In *Allen* v. *Fox* (51 N. Y. 562,) the value of the use was allowed, but it was further determined in that case that under such circumstances the value of the property could not be fixed until the time of trial, because the use necessarily diminished the value. In this case the value was fixed at the time of the taking, and then damages were also allowed for the subsequent use.

*A. La Due* and *A. J. Edgerton*, for respondent.

BERRY, J. 1. This was an action of claim and delivery brought in the district court for Dodge county, to recover personal property detained by the defendant in Olmsted county. As the property was situated in the latter county, the defendant was entitled to have the action tried there under Laws of 1876, c. 51. But he waived his right in this respect by stipulating that the case should go to a referee to take the evidence and report the same to the district court for Dodge county, before which either party might bring the case to hearing and trial upon ten days' notice.

2. The property in controversy was taken from the possession of the plaintiff upon a chattel mortgage, given by the plaintiff to George B. Arnold, to secure the payment of plaintiff's note to him, the note and mortgage having been assigned

by Arnold to defendant. The note was not due at the time of the taking, nor at the time of the commencement of this action. The mortgage contained no provision respecting the possession of the mortgaged property, except the following, viz.: "But if default be made in such payment," (*i. e.*, of the note,) "or if the said George B. Arnold shall at any time before the debt aforesaid becomes due deem himself insecure, he, the said George B. Arnold, is hereby authorized to take possession of and to sell　*　*　*　the personal property hereinbefore mentioned."

This provision specifically defines the circumstances under which the mortgagee shall become entitled to the possession of the mortgaged property, and thus evinces the mutual intent of the parties that, until he is thus entitled, the possession shall remain with the mortgagor. *Hall* v. *Sampson*, 35 N. Y. 274. Its effect is to make the rights of the mortgagor and mortgagee the same as they would have been if the mortgage had contained an express condition that the mortgagor should continue in possession until default in payment, or until the mortgagee should deem himself insecure. *Hathaway* v. *Brayman*, 42 N. Y. 322.

In the case at bar the debt secured by the mortgage was not due at the time when the mortgaged property was taken by the defendant, neither was it due at the time of the commencement of this action. And it is found by the court that the defendant did not, when he took possession of and removed the property, nor at the time when (ten days afterwards) the plaintiff demanded its return, deem himself insecure, and that he was not in fact insecure. The finding of law that defendant's taking and detention of the property were wrongful, and that plaintiff was entitled to recover possession thereof, was therefore correct.

The court below further finds that the value of the mortgaged property was, at the time of the taking thereof, $300, and that the value of the use of said property during its detention by defendant was $200, and that, "by reason of the

taking and detention, the plaintiff has been damaged said sum of $200, and that defendant has sold and disposed of said property, and possession thereof cannot be obtained." Upon this basis judgment for the plaintiff was ordered for $500.

The assessment of the value of the property as of the time of the taking accords with the principle of the rule laid down by this court in *Berthold* v. *Fox*, 13 Minn. 501. From our own observation, as well as from quite extensive inquiry, we are satisfied that in actions of claim and delivery, in the courts of this state, it has been the general, and, we think, the universal, practice to assess the value of the property involved in accordance with the principle mentioned—that is to say, if the plaintiff recovers, the practice is to assess the value as of the time of the wrongful taking, or of the commencement of the wrongful detention, as the case may be; and if the defendant recovers, to assess it as of the time when the property is replevied from him. Under such circumstances we shall not disturb the rule, notwithstanding the case of *Allen* v. *Fox*, 51 N. Y. 562, furnishes some very cogent reasons going to show that the operation of the rule may sometimes be unjust. If the rule is to be changed it had better be done by legislation, by which, at the same time, we think some further improvements might well be made in the procedure in "claim and delivery."

The defendant claims that where the value of the use of the property during its detention is allowed as damages for detention, the value of the property should be assessed as of the time of the verdict or finding. The correctness of this position would evidently depend upon the nature of the property. If the property was of such a character as necessarily to perish, or become worn out or impaired in value in the using, or perhaps if, in a particular case, this effect was shown to have resulted from using, then there might be ground for complaining that to give the value of the property at the time of the taking, and also the value of its use as damages, would be to include a part of the value of the property twice,

since the value of the use would be made up in part of that portion of the value of the property which was destroyed in using. But as to property of the kind involved in this case— to-wit, a pair of horses, a wagon, neck-yoke, whiffletrees, seat, harness, and a set of double sleighs—it cannot be said that, taking it as a whole, it would necessarily or did in fact perish, or become worn out or impaired in value by reasonable use.

As the finding of the court is as to the value of the use of the property as a whole, and of the damage occasioned by the taking and detention, and the finding is to be presumed right if it reasonably can be, it may well be supported upon this basis.

Judgment in this case is ordered below for $500 and costs. The defendant makes no exception to this order for judgment, this appeal being taken from an order denying a new trial; but, to prevent future embarrassment, we call attention to the fact that the judgment in a case of this kind should be in the alternative. *Berthold* v. *Fox,* 21 Minn. 51.

Order affirmed.