ARCHIBALD D. McLEOD *vs.* AUGUSTUS R. CAPEHART.

Argued Jan. 6, 1892. Decided March 23, 1892.

**Verdict Justified by the Evidence.**—*Held,* that the verdict herein was justified by the evidence.

Appeal by defendant Augustus R. Capehart from a judgment of the District Court of Ramsey County, *Kerr,* J., entered May 21, 1891, in favor of plaintiff, for $1,170.57.

John B. Baker was on October 23, 1889, lessee of, and was keeping, the Clifton Hotel, in St. Paul, Minn., and had therein considerable furniture, beds, bedding, carpets, fixtures, and other personal property used in hotel keeping, valued at $3,612.65. On that day he made an assignment of his property to the plaintiff, Archibald D.

McLeod, in trust for the benefit of his creditors. The defendant owned the hotel building, and the assignee surrendered to him the possession of it, and, with the consent of Baker's creditors, leased to defendant the personal property therein to December 23, 1889, at five dollars a day. The plaintiff claimed that the lease was orally continued to May 26, 1890, at the same rate. The defendant admitted that he continued to use the property up to the last mentioned date, but denied that he agreed to pay that price for its use. The issues were tried February 25, 1891. The jury returned a verdict for plaintiff, and assessed his damages at $1,118.90. A case containing exceptions was settled and signed May 20, 1891. The defendant moved for a new trial, but it was denied June 23, 1891, and he on August 22, 1891, appealed from the judgment to this court, and assigned errors as follows:

*First.* The verdict of the jury is not justified by the evidence.

*Second.* The court erred in denying defendant's motion, when plaintiff rested the case, to allow plaintiff to take judgment for $300.00.

*Third.* The court erred in denying defendant's motion to set aside the verdict and judgment, and for a new trial.

*J. C. & W. H. Michael,* for appellant.

*J. L. MacDonald,* for respondent.

PER CURIAM. The first assignment of error is that the verdict was not justified by the evidence; the second—directed towards a ruling of the trial court, which was clearly correct—we shall not discuss, because no exception was taken to it; and the third, or last, assignment is superfluous. ·

The real controversy was as to the making of a verbal agreement by and between the parties, which, if made, extended or continued a written contract, then being acted upon and about to expire, for a longer period of time. There was testimony which would have sustained a verdict for either party, and the conclusion of the jury in plaintiff's favor should have ended the litigation.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 923.)