(Opinion published 52 N. W. Rep. 130.)

---

. ARCHIBALD D. MCLEOD *vs.* AUGUSTUS R. CAPEHART.

Submitted on briefs May 16, 1892. Decided June 1, 1892.

**Replevin—Value to be Assessed as of What Time.**

Where, in an action to recover specific personal property, it is found that the plaintiff is entitled to a recovery, and the property has not been delivered to him, its value must be assessed as of the time the right of action accrued; in this case, confessedly, on the day plaintiff demanded a return of the property.

**Same—Exception.**

If there be any exception to the general rule as to evidence of the value of property in actions of this character, the exigencies of the case at bar did not demand its application.

Appeal by plaintiff Archibald D. McLeod from an order of the District Court of Ramsey county, *Kelly*, J., made September 18, 1891, granting defendant a new trial unless plaintiff consent to reduce his recovery to $675.

John B. Baker owned certain furniture, bedding, crockery, and other property in use in the Clifton Hotel, St. Paul, and on October 23, 1889, made an assignment of all his unexempt property to plaintiff in trust for the benefit of his creditors. Augustus R. Capehart, the defendant, owned the hotel, and the assignee surrendered possession of it to him and leased to him this property in it, to December 23, 1889, at five dollars a day. Defendant continued his possession and use of the property to May 26, 1890, *McLeod* v. *Capehart*, 49 Minn. 187. This action of claim and delivery, was commenced on that date, and a part of the property obtained on the writ. The issues were referred to Jno. W. Pinch, Esq., as referee, to hear, try, and determine. He was also directed to find and report what property had not been recovered and returned to the plaintiff, and the value of it, and what damages plaintiff had sustained by its detention.

The referee reported April 29, 1891, as required by the order of reference, and found the plaintiff entitled to judgment for $1,856.01 and costs. At the trial plaintiff was permitted to prove the value of the articles on October 23, 1889, when he got title and leased them to defendant. He gave no evidence of their value at any other time, or of any damages for its detention. The defendant was a witness in his own behalf and testified that the value of the property which plaintiff did not obtain under the writ was on May 26, 1890, $675, and no more.

Defendant moved for a new trial and the District Court granted it, unless the plaintiff should within twenty days consent that his recovery be reduced to $675 and interest on it. From that order this appeal is taken.

*J. L. Macdonald,* for appellant.

*J. C. & W. H. Michael,* for respondent.

COLLINS, J. Action of claim and delivery instituted to recover possession of certain hotel furniture and furnishings, originally and peace-

fully coming into defendant's possession under the written agreement with plaintiff mentioned in the opinion filed in a former action between these parties brought to recover compensation for the use of the articles, by defendant, for several months. 49 Minn. 187, (51 N. W. Rep. 923.) A portion of the property claimed by plaintiff in his complaint was not recovered in these proceedings, and thereupon the case was referred, for the purpose of determining what articles claimed by plaintiff, and to which he was entitled, had been retained by defendant, and the aggregate value thereof, and the amount of damages which plaintiff had sustained as alleged in his complaint, for which value and amount an alternative judgment was to be entered against defendant on the coming in of the report. After a trial the referee found the value of the property unlawfully kept and retained by the defendant to be the sum of $1,856.01, and for this sum judgment was ordered, all further claims for damages being waived. Upon a bill of exceptions defendant moved for a new trial, and thereafter the district court made its order granting the motion, unless the plaintiff duly consented to reduce the amount for which judgment was to be entered to $675, which sum, as appears by the testimony, was the value of the property in controversy on the day of the alleged conversion, as such value was fixed by defendant himself. This appeal is by the plaintiff, and from the order just referred to. The bill of exceptions shows that, in spite of defendant's objection, repeatedly made, the plaintiff was permitted to show the value of the various articles on the day they were placed by plaintiff in defendant's possession, to be used by him for hotel purposes,—about seven months prior to the day on which plaintiff demanded a return of the same. During this period of time, from November 23, 1890, to May 23, 1891, defendant's possession was lawful, and he was compelled to pay for the use of the property at a rate per day agreed upon by these parties, which rate included, of course, compensation for the natural wear and tear incident to such use. At the close of plaintiff's case defendant's counsel again brought up the questions presented by their objections to this testimony, by moving to strike it out on the ground of its irrelevancy, incompetency, and immateriality, and this motion was denied by the referee. The reception of

this testimony was error, and it follows that the referee again erred when refusing to strike it out. Where, in an action to recover specific personal property, it is found that the plaintiff is entitled to a recovery, and the property has not been delivered to him, its value must be assessed as of the time the right of action accrued; in this case, confessedly, on the day plaintiff demanded a return to him, not as of the day he delivered possession to defendant under their agreement before mentioned. This rule is in line with those announced in *Berthold* v. *Fox*, 13 Minn. 501, (Gil. 462;) *Sherman* v. *Clark*, 24 Minn. 37. To permit a recovery in this action based upon proof of the value when defendant took possession would be most unjust. We see no reason why the value at the time of the demand could not be shown. If, as a fact, the defendant had concealed or disposed of the property, so that a personal inspection could not be had at the time of the demand, the amount of the wear and tear, the natural deterioration in value by use in a hotel could have been readily estimated and shown. This very estimate was made by the witness, who testified as to the value when it was delivered to defendant, and he arrived at a conclusion by taking into consideration the first cost and the purposes for which the property had thereafter been used. If there be an exception to the general rule as to evidence of value in cases of this character, as contended by counsel, we fail to see that the exigencies of the case demanded its application, as he seems to think.

The errors referred to must have been prejudicial to defendant, and the order granting a new trial, conditionally, is affirmed.