[No. 22597. Department One. January 20, 1931.]

YAKIMA FINANCE CORPORATION, *Respondent,* v. C. A. PERKINS *et al., Appellants.*[1]

*McMaster, Hall & Schaefer,* for appellants.
*Williamson & LaBerge,* for respondent.

MAIN, J.—This action is based upon an express written guaranty of payment. The defendants denied liability, and affirmatively pleaded two matters as a defense, which will be herein later referred to. The cause came on for trial before the court and a jury, and, at the conclusion of all the evidence, the plaintiff

[1] Reported in 295 Pac. 189.

moved for a directed verdict, which motion was sustained. Judgment was entered upon the verdict directed in the sum of $582.65, together with attorney's fees and costs. From this judgment, the defendants appeal.

April 20, 1926, C. A. Perkins (who will be referred to as though he were the only appellant) was engaged in the city of Yakima in the business of selling automobiles and trucks under the name of Paige-Jewett Sales Company. On the date mentioned, the appellant sold a used Republic two-ton truck to one Roy Reynolds for the sum of $882.80, of which sum $272 was paid in cash at the time, the balance to be paid in monthly installments of $50.90. On the date of the sale, the appellant sold and transferred the contract to the respondent, Yakima Finance Corporation. At the time the respondent purchased the contract, it required the appellant to cause the truck to be insured against fire, theft, and embezzlement; and also required the appellant to pay the sum of five dollars, which was called a repossession charge. The respondent also required the appellant, at the time it purchased the contract, to sign a written guaranty of payment.

The truck was delivered to Reynolds, who, it appears, intended to use it at Roosevelt, this state, for the purpose of hauling, for the farmers, fertilizer to be shipped from that place. The first two monthly installments on the contract were paid, but there were no further payments.

Sometime during the latter part of October, 1926, Reynolds disappeared, apparently taking the truck with him, as it could not be located or found subsequent to that time. When the appellant learned of the disappearance of Reynolds, he requested the respondent to file a claim with the insurance company. This the respondent offered to do, if the appellant would

procure a warrant for the arrest of Reynolds, and this the appellant declined to do. The policy provided for such a warrant, in the event the claim was based upon the appropriation of the car by the vendee. The policy also provided that, when the vendor became aware of any act or omission on the part of the vendee which would be made the basis of a claim, he should "forthwith" give notice to the company. About two months later, the appellant again requested the respondent to file a claim, and, he says, at this time the respondent agreed to file the claim, without a warrant for the arrest of Reynolds having been procured. The respondent did not, at any time, file a claim with the insurance company.

The two matters which the appellant set out in his affirmative defense were the failure of the respondent to file the claim and its failure to repossess the truck. There is no evidence from which it can be found that the respondent was derelict, in any manner, in failing to repossess the truck. The appellant was not able to locate it, and he could not well exact more of the respondent than he could accomplish himself in that regard. Whether there was sufficient evidence to take the case to the jury on the matter of the failure to file the claim, it is not necessary here to determine. Without so deciding, and for the purposes of this decision, it will be assumed that that would have been a jury question.

The verdict was properly directed, because there was no proof of the value of the truck during the latter part of October, at the time it was embezzled or appropriated by Reynolds. The appellant testified that he saw it during the latter part of July, which was substantially three months before, and that he had not seen it since. Taking the value of the truck as it was during the latter part of July, when the appellant

last saw it, he offered to prove what would be its ordinary depreciation during the next three months, and thus arrive at its value during the latter part of October. There was no evidence, by any witness, as to the condition of the truck at any time subsequent to the latter part of July. No witnesses from the vicinity in which the truck was used were called to testify, either by deposition or otherwise, as to its condition. Without evidence as to the condition of the truck at the time it was appropriated by Reynolds, or the manner of its use subsequent to July, the testimony of the appellant as to what the ordinary depreciation would be was properly rejected.

In 42 C. J., p. 1295, it is said:

"Ordinarily the condition and value of a motor vehicle is to be determined as of the time and place of the loss or injury, but proof of its value theretofore or thereafter, within a reasonable time under the circumstances of the particular case, is proper, and the lapse of time affects the weight rather than the admissibility of the evidence. However, where the length of time is unreasonable, the evidence is properly excluded."

In *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308, where the question of the value of an automobile was involved, it was said:

"The value of the machine at the date of its conversion in December, 1911, was the material thing, not its value at the time of the trial in March, 1913. *Sherman v. Clark,* 24 Minn. 37; *McLeod v. Capeheart,* 50 Minn. 101, 52 N. W. 381; *Aultman Co. v. McDonough,* 110 Wis. 263, 85 N. W. 980. This is the rule in this state in trover and conversion, which is the alternative phase of our action of claim and delivery. *McSorley v. Bullock,* 62 Wash. 140, 113 Pac. 279; *Hetrick v. Smith,* 67 Wash. 664, 122 Pac. 363; *Hofreiter v. Schwabland,* 72 Wash. 314, 130 Pac. 364. The evidence is insufficient to enable us to supply the proper finding. The admitted value of $1,000 in August, 1911,

was not sufficient evidence to sustain a finding of that value in December, 1911. Several months had elapsed during which the respondent and his former partners had used the machine. It is matter of common knowledge that machinery such as this may deteriorate rapidly with use.''

Under the circumstances of the case now before us, proof of the value of the truck three months before the date of its conversion, was not within a reasonable time, and, there being no evidence as to the value of the truck at the time it was appropriated or embezzled by Reynolds, the trial court properly directed a verdict.

The judgment will be affirmed.

MITCHELL and PARKER, JJ., concur.

TOLMAN, C. J., and HOLCOMB, J., concur in the result.