## Ulrich v. Hower, Appellant.

*Equitable assignment—Claim for wages—Act of May 10, 1881.*

It is not entirely clear whether an assignment to a creditor by a debtor of a claim for money due to the latter by a third person for wages, is within the act of May 10, 1881, P. L. 17, but whether it is or not, the objection that the assignment was not in writing can only be raised by the acceptor for whose benefit the statute was passed.

Whether such a verbal assignment is revocable or not, depends largely upon the circumstances, and in any event the fact of revocation is for the jury.

*Master and servant—Discharge of servant—Drunkenness.*

A master is justified in discharging a servant for drunkenness while off duty, if his drunkenness while off duty rendered him incapable of the faithful and efficient performance of his work while on duty.

A single instance of reckless driving or using a team for other people's work is sufficient to justify a master in discharging his driver, if the master has been thereby injured. It is usually a question of fact for the jury.

*Execution—Attachment—Practice, C. P.*

On March 8, 1892, a verdict was entered in favor of plaintiff. On Aug. 18, 1892, the money was attached in defendant's hands by a creditor of plaintiff, with notice to plaintiff. On Aug. 22, 1892, the jury fee was

paid judgment entered on the verdict, and a fi. fa. issued.  On Aug. 26.
1892, a rule was granted to set aside the fi. fa.  Subsequently the attachment was discontinued.  The court then discharged the rule to set aside
the fi. fa.  *Held,* that the fi. fa. should have been set aside.

Argued May 23, 1893.  Appeal, No. 382, Jan. T., 1893, by
defendant, A. D. Hower, from judgment of C. P. Northumberland Co., Dec. T., 1891, No. 9, on verdict for plaintiff, Bruce
Ulrich.  Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN
and THOMPSON, JJ.

Appeal from justice of peace.  Pleas, non assumpsit, payment
and set-off.

At the trial, before SAVIDGE, P. J., it appeared that plaintiff
was employed by defendant to drive a team.  Plaintiff continued his employment for several months, when he was discharged
by defendant on the ground of drunkenness and unfaithfulness.
It appeared from the evidence that on July 27, 1891, there was
a balance of about $41.00 due for services rendered.  Plaintiff,
by verbal agreement, assigned and appropriated this amount to
James R. Ritter, a creditor.  Defendant being informed of this
assignment, agreed to pay the balance to Ritter.

When Ritter was on the stand, defendant proposed to show
by him " that the amount that Mr. Hower, while it is not already paid, but he alleges he is in duty bound to pay, is a moral
obligation, and he will pay it, no matter what the verdict is in
this case, and feels bound to pay it because he accepted the
verbal order that was offered to him by James R. Ritter, the
witness present."  Plaintiff's counsel objected that the evidence
is for the purpose of establishing the claim as a set-off against
the claim in suit, and the evidence cannot be admitted for the
reason that there is no evidence to show that Mr. Hower is
liable to James R. Ritter, the person who is asked to give the
evidence.  And there being no obligation on his part to pay,
there can be no claim to set-off in this case.

Objections sustained, evidence rejected, and exception. [1]

Defendant proposes to prove, by the same witness, " that
plaintiff already met the witness and gave the witness a verbal
order to go to A. D. Hower and to receive his pay on a debt
that plaintiff owed the witness; and the amount that A. D.
Hower, the defendant, was to pay to the witness on the stand

on account of this order, which order was accepted by the defendant, and the defendant holds himself morally and legally bound to pay that." Plaintiff's counsel objects for the same reason as given before. Objections sustained, evidence rejected, and exception. [2]

The court charged in part as follows:

" If you find the facts as the plaintiff contends, that he did not become drunk on duty; that he did not abuse the team; that the hauling which he did was only occasional, that it was no more than would remunerate Mr. Hower through him, as contended, then I say to you that such acts as those would not prevent his recovery. His being drunk while off duty would not be such misconduct as would prevent his recovery. His falling asleep upon the wagon, if only once or occasional, would not be such misconduct as would prevent his recovery. [I say unless his conduct was general, or frequent, or habitual, that it would not be such as would prevent his recovery in this action.] [3] In speaking of his conduct I have omitted to speak of the conduct in selling the grain of the defendant. The defendant contends that he sold certain grain provided for the team to one Felix Ritter, that he appropriated the money to his own use, that he did it without the knowledge of the defendant, and I say to you that if you believe from the evidence in the case that he did sell this grain and appropriated the money without the knowledge of Mr. Hower and that Mr. Hower did not condone the action by keeping him in his employ after he had discovered his misconduct in this particular, that then such conduct on the part of the plaintiff would defeat his right of action. If you find that the plaintiff did sell his grain and appropriate the money to his own use, then I say, it defeats his right of action. [If you find otherwise and find he was not guilty of such misconduct, such frequent, general and habitual misconduct as driving the team and hauling goods for others, as I have just stated to you, then the plaintiff ought to recover.] [4]

" [There was some evidence offered in the case as to a verbal order which had been given by the plaintiff to one James Ritter on Mr. Hower, the defendant, to pay a bill that the plaintiff owed said Ritter. That evidence is ruled out. You are not to take that question into consideration. Since the passage of

the act of May 10, 1881, Mr. Hower, who did not accept this order in writing, is not by law bound by his verbal expressions. .Mr. Ritter could not maintain an action against Mr. Hower and recover from him that debt which is owing to Ritter and which was given by order to Hower.] [5] [It is in evidence that Mr. Ulrich countermanded the order and directed it to be paid to his father. So I say to you that that cannot be allowed as a defence in this case.] " [6]

Defendant's points were, among others, as follows:

" If the jury believe, from the evidence, that the plaintiff is guilty of such conduct as to use the team for other purposes than to haul for the defendant, driving them recklessly and too fast, then it is misconduct, inconsistent with the relation of master and servant, and he cannot recover in this case. *Answer:* If you find that the defendant made general or frequent use of the defendant's team for other purposes than to haul for the defendant, without defendant's knowledge, or that it was usual or habitual with him to drive recklessly and too fast, then his conduct was inconsistent with the relationship of master and servant, and he ought not to recover; but occasional acts of misconduct would not bar a recovery." [7]

Verdict for plaintiff for $42.47. The verdict was entered on March 8, 1892.

On Aug. 18, 1892, the money was attached in defendant's hands by a creditor of plaintiff with notice to plaintiff. On Aug. 22, 1892, the jury fee was paid, judgment entered on the verdict and a fi. fa. issued. On Aug. 26, 1892, a rule was granted to set aside the fi. fa. Subsequently the attachment was discontinued. The court then discharged the rule to set aside the fi. fa. [8]

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exceptions; (3–7) instructions, quoting them; (8) discharge of rule to set aside fi. fa.

*A. D. Hower* and *S. B. Boyer*, for appellant, cited: Chase v. Petroleum Bank, 66 Pa. 169; Guthrie v. Bashline, 25 Pa. 80; Singer v. McCormick, 4 W. & S. 265; Libhart v. Wood, 1 W. & S. 265; Kase v. Kase, 34 Pa. 131; Childs v. Digby, 24 Pa. 23; Breading v. Siegworth, 29 Pa. 399; Womelsdorf v. Heif-

ner, 104 Pa. 1 ; Prescott v. Otterstatter, 85 Pa. 536 ; Budd v.
R. R., 102 Pa. 220.

*Lorenzo Everitt,* for appellee, cited : Acts of May 10, 1881,
P. L. 17 ; April 15, 1845, § 5, P. L. 460, Purd. 746.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893 :

The exclusion of the testimony of Ritter as to the assignment
to him of plaintiff's claim was error.   What was proposed to
be proved was not a verbal acceptance of a bill of exchange,
draft, or order for the payment of money, which the act of
May 10, 1881, P. L. 17, requires to be in writing, but an assign-
ment to a creditor by a debtor of a claim for money due the
latter by a third person.   It is not entirely clear that it is with-
in the statute at all, but whether it is or not, the objection can
only be raised by the acceptor for whose benefit the statute was
passed.   The language is "no person shall be charged as an
acceptor," etc.   If Hower had paid Ritter in obedience to the
verbal assignment, there could be no question that such pay-
ment would be a good defence.   So if he sets up the order here
and the verdict should be for him on that ground, he would be
estopped from setting up the statute hereafter against Ritter.
Whether such a verbal assignment is revocable or not may de-
pend largely on the circumstances, which were not allowed to
be put in evidence, and in any event the fact of revocation was
for the jury.   The first, second, fifth and sixth assignments are
sustained.

There was also error in the qualification of the defendant's
second point, and in the general charge on the subject of the
plaintiff's conduct.   Defendant discharged the plaintiff and
claimed that no wages were due him, because he got drunk,
drove defendant's team recklessly, and used it in hauling for
other people, besides the still more serious accusation that he
had sold some of defendant's feed for the team and pocketed
the money.   As to the last item the learned judge instructed
the jury correctly that if it was true it was such a breach of
trust as would prevent a recovery.   But as to the other matters
the jury were told without qualification that " his being drunk
while off duty would not be such misconduct as would prevent
his recovery."   This was much too broad.   He might never be
actually drunk on duty and yet have been so drunk while off, as
to be incapable of the faithful and efficient performance of his

work, and the testimony tended to show that that was the case here. There is no fixed rule which allows the court to say as matter of law that drunkenness off duty is or is not a sufficient cause for forfeiture of wages. The test for that is the faithful and proper performance of his work, and that is a question of fact to be considered with all the circumstances. Again, in regard not only to drunkenness but also to reckless driving and using the team for other people's work, the jury were told " unless his conduct was general, or frequent, or habitual, it would not be such as would prevent his recovery." This is not the law. A single instance of such misconduct may be sufficient. An employer is not bound to wait until his team is spoiled, before discharging a reckless or malicious or even incompetent driver. So a single use of the employer's team for other people's work may be a serious breach of duty, or may be only a piece of neighborly reciprocal service of which no just complaint can be made. There is no fixed legal rule on the subject. It is a question of fact. The law requires of an employee diligent and faithful performance of his work, with due and reasonable regard for his employer's interest at all times while in service. The performance or breach of this duty, and the right to his wages therefor, must be determined in each case by the evidence and the circumstances.

The levy under the fi. fa. should also be set aside, and the appellant relieved from the costs of it. At the time the fi. fa. was issued there was an attachment sur judgment by a creditor of the plaintiff, of which plaintiff had notice. The defendant, as garnishee in that attachment, was entitled to an opportunity to protect himself. Whether plaintiff's claim against defendant was exempt from attachment was a question the latter as garnishee was not bound to decide at his own risk. Plaintiff could have gone into court and tested that, on a rule to dissolve the attachment, but his conduct in paying the jury fee, entering judgment and issuing a fi. fa. three days after service of the attachment, shows an intention to harass the appellant, which the court should not have permitted to be successful. Getting the attachment out of the way subsequently by assignment to Mr. Everitt did not cure the improper imposition of costs on appellant by the fi. fa.

Judgment reversed and venire de novo awarded.