[No. 7595. Decided October 21, 1908.]

CHARLES H. SPRINGER, *Appellant*, v. ROBERT AYER, *as Receiver of John H. Saunders et al., Respondent.*[1]

RECEIVERS—ACTIONS—PLEADINGS—PARTIES—RIGHT TO INTERVENE— REPRESENTATION OF CREDITORS. Where an action is brought against the receiver of an insolvent, to recover property of the insolvent, and the receiver defends for the benefit of creditors, a complaint in intervention on behalf of certain creditors is demurrable as showing no right to intervene, where it sets up the same claims made on their behalf by the receiver in an answer filed in their interest and in the interest of all creditors who file their claims; since the receiver represents the creditors.

COSTS—PERSONS ENTITLED—INTERVENERS. Persons improperly intervening are not entitled to costs from the insolvent's estate.

FRAUDULENT CONVEYANCES—SALES — CONDITIONAL SALES — SUBSEQUENT BONA FIDE PURCHASERS. Where the vendor, in a conditional sale, delivers possession to the vendee and fails to file in the auditor's office a memorandum of the sale, as required by Laws of 1903, p. 6, the sale becomes absolute as to subsequent creditors in good faith.

REPLEVIN—ALTERNATIVE JUDGMENT — AMOUNT — FRAUDULENT CONVEYANCES. In an action of replevin against a receiver, where it appears that he was entitled to possession so far as he represented subsequent creditors in good faith, it is error to enter judgment in the alternative for the total amount of the claims of all creditors, in case return of the property to the receiver cannot be had, but the judgment must be reversed with directions to determine the amount of the claims of creditors entitled to the possession, in order to limit the alternative money judgment to such sum.

BANKRUPTCY—COURTS—JURISDICTION—RECEIVERS. After the appointment and qualification of a receiver in a state court, the appointment of a trustee in bankruptcy by the Federal court does not deprive the state court of jurisdiction, or the receiver of the right to possession of the property.

COSTS—PARTIES ENTITLED. Where a trustee in bankruptcy claims property in the hands of a receiver appointed by the state court, and is denied the relief asked, it is error to award the trustee costs as against the insolvent's estate.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered March 31, 1908, upon findings

[1] Reported in 97 Pac. 774.

in favor of the plaintiff, after a trial before the court without a jury, in an action of replevin. Reversed.

*Geo. H. Funk*, for appellant.

*E. N. Steele*, for appellant interveners.

*Byron Millett*, for respondent.

HADLEY, C. J.—This is an action for the possession of personal property, including a donkey logging engine, and certain rigging and tools in connection therewith, together with wire cable, and some other items of smaller consequence. The suit was brought by the plaintiff, Charles H. Springer, against Robert Ayer, as receiver of the effects of John H. Saunders. The complaint alleges, that about January 5, 1907, the plaintiff made a conditional oral contract of sale of the property to Saunders, by the terms of which Saunders was to pay the plaintiff $2,000 on or before April 5, 1907, and it was agreed that Saunders was to acquire no title to the property until he had made full payment of the purchase price; that it was also agreed that, if he failed to make full payment within the time mentioned, he should forfeit all payments theretofore made; that he paid within the time the sum of $500, and no more, and that by reason of the facts stated the payment has become forfeited and the plaintiff is entitled to the possession of the property; that the defendant Ayer, as receiver of the property and effects of Saunders, took possession of the chattels mentioned, and still maintained the same at the time this action was begun. The value of the property is fixed in the complaint at $1,500, and judgment for possession or for the recovery of the value is demanded. The plaintiff having given the necessary bond, took immediate possession at the commencement of the action.

The receiver answered, admitting his possession, averring his right thereto, and denying the plaintiff's right to possession. He alleged that in no event did the plaintiff sell to Saunders the twelve hundred feet of $7/8$-inch wire cable, the

three chokers, and the float house, all described in the complaint, but that the same were, at all times mentioned, the property of Saunders. He also alleged that, if the plaintiff sold the remaining property to Saunders, as alleged in his complaint, such sale was void as to the creditors of Saunders, whom the receiver now represents; that the plaintiff and Saunders were at all times bona fide residents of Thurston county wherein, during all of said time, the property was located and in the possession of Saunders as vendee, and afterwards of the defendant as receiver of Saunders' effects; that, during the time the property was in the possession of Saunders, he became indebted to divers persons who are interested in the receivership proceedings and in the assets involved therein; that among such creditors are two who sold and delivered to Saunders goods and merchandise of the value respectively as follows: Ramberg, $663.70; Lansdale, $89.75; that the credit for such merchandise was given on the faith and with the belief on the part of said creditors that Saunders owned the property mentioned absolutely free and clear of all liens and incumbrances; that there are other creditors of Saunders similarly situated with reference to the receivership proceedings, whom the receiver is not now prepared to name, all of whom are subsequent creditors of Saunders, in good faith; that no memorandum of any sale from the plaintiff to Saunders, stating its terms and conditions, signed by the vendor and vendee, or otherwise, was filed in the auditor's office of Thurston county, within ten days or at any other time after the vendee Saunders took possession of the property.

The alleged creditors Ramberg and Lansdale mentioned in the receiver's answer applied to the court for leave to intervene in this cause, and were joined by A. H. Chambers. Leave to intervene was granted. Practically the same facts were alleged by Ramberg and Lansdale as were alleged in the receiver's answer concerning their claims. The complaint in intervention further alleged, in behalf of Chambers, that he

sold goods to Saunders of the value of $208, under the same circumstances as those which induced Ramberg and Lansdale to make their sales. The relief asked by the interveners is that they be declared in this action to be creditors of Saunders subsequent to the purchase by him of the donkey engine, that the sale to him shall be declared absolute as to the interveners, and that they shall be declared to be preferred creditors as to said property or as to the proceeds arising therefrom.

A supplemental complaint was also filed, alleging that Saunders had been declared a bankrupt in the United States district court for the western division of the western district of Washington. The date of the adjudication in the bankruptcy court was subsequent to the appointment and qualification of the defendant Ayer as receiver in the state court. It was shown that James McDowell was appointed and qualified as trustee in bankruptcy, and he was made a party defendant in this action. He answered, setting up the same defense as that made by the receiver, that the sale by plaintiff to Saunders became absolute as to subsequent creditors in good faith. As trustee in bankruptcy, he also demanded the possession of the property, or its value in case the return thereof cannot be had.

Issues were joined by the plaintiff upon the several answers and the complaint in intervention, and a trial was had before the court without a jury, resulting in a judgment to the following effect: That, inasmuch as the property had been delivered to the plaintiff pending the action, it was adjudged that the receiver Ayer should recover the property and its possession, and in case a return or delivery cannot be had, then the receiver shall recover from the plaintiff $1,740, as the value of the property, together with his costs. It was also adjudged that the interveners shall recover their costs against the plaintiff, that the trustees in bankruptcy shall take nothing against the receiver, and that he shall recover his costs against the plaintiff. The plaintiff has appealed, and the interveners have also joined in a separate appeal.

Referring first to the appeal of the interveners, the appellant Springer assigns as error that the court overruled his demurrer to the complaint in intervention of Ramberg, Lansdale and Chambers. We think the assignment is well taken. The receiver in his answer had set up the same facts in behalf of Ramberg and Lansdale, and stated that there were other creditors similarly situated for whom he acted. This necessarily included Chambers and any others similarly situated. The receiver represents the creditors, and it is his duty to guard the interests of all of them when he is advised what the interests are. This was an action against the receiver for possession of certain property. He resisted it, and claimed possession especially in the interest of these interveners and all others who would file their claims with him advising him of similar rights. Under such circumstances, there was no necessity of putting the appellant Springer to the cost of the intervention when he was litigating the same questions with the receiver who represented the interests of the interveners. If these creditors may intervene on the mere claim that they have a special or preferential interest in the property as creditors of the receivership estate when the receiver is already acting in their behalf, then we see no reason by analogy why any common contract creditor may not in any case intervene on the claim that he is interested in the property of any estate. In *Churchill v. Stephenson*, 14 Wash. 620, 45 Pac. 28, it was held that such a creditor may not intervene in an action brought against an administrator by the widow of the deceased to recover possession of certain real estate claimed by the widow as her separate property. Such latitude for intervention would lead to unnecessary costs and to useless confusion and multiplicity of parties. The whole matter is simplified by the action of the receiver, who acts in the representative capacity. The interveners were granted a judgment against the appellant Springer for their costs. They appealed on the ground that they were denied an adjudication in this action that the return of possession to the re-

ceiver shall be subject to their claims in the specified sums
mentioned. Their appeal must fail, and it is dismissed for the
reasons above stated, showing that they are not properly par-
ties here. The judgment for costs in their favor is reversed
for the same reasons.

Appellant Springer assigns error upon the court's findings
of facts. We think the evidence shows that Saunders, as
Springer's conditional sale vendee, was in possession of the
property at the time the creditors named extended their credit
to Saunders, and that the credit was in each instance extended
in good faith, relying upon the belief that Saunders was the
absolute owner of the property. Springer, as the conditional
sale vendor, neglected to file in the auditor's office of the
county a memorandum of the sale showing its terms and con-
ditions as provided by chapter 6, Laws of 1903, p. 6. In
accordance with that statute, the sale to Saunders therefore
became absolute so far as the rights of the aforesaid subse-
quent creditors in good faith are concerned. The evidence
shows that Saunders had forfeited his rights under the con-
ditional sale contract before the receiver took possession, but
the possession nevertheless remained with Saunders during all
the time the credit was extended, and the judgment of the
court awarding the possession of the property to the receiver
was upon the theory that the particular creditors mentioned
by the receiver in his answer, and possibly others to whom he
refers but whom he does not name, have an interest in the
property as creditors of Saunders by reason of the statute
cited.

We think the judgment awarding return of possession to
the receiver was right, but the money judgment to be recov-
ered in the event the property is not returned is for $1,740,
while the aggregate extent of all claims entitled to the pro-
tection of the statute aforesaid which were brought to the at-
tention of the court, is $961.45. Springer contends that in
no event should the alternative money judgment be for more
than the above named sum. The court, however, found, and

we think correctly under the evidence, that Springer did not at any time have any ownership in or right to the possession of the twelve hundred feet of ⅞-inch cable, the value of which was found to be $240; that the same was not included in the conditional sale, but that Saunders was at all times the absolute owner thereof for all purposes. The receiver is, therefore, in any event, entitled to a judgment for the return of the cable and to a further judgment for $240 in the event it cannot be returned. This sum becomes mere common general assets in the hands of the receiver. If the $240 is not needed to satisfy other creditors of a common and general character, then the money judgment in favor of the receiver should be for such sum only, in addition to the $240, as shall, in the aggregate, be sufficient to cover the claims, including necessary costs, of all creditors who are entitled to the protection of the statute of 1903, including those named in this record and the others, if any, who are described in the receiver's answer as being similarly situated. If no others are found to be similarly situated, and if there are no general creditors who may rightfully demand the $240, or any part thereof, then the judgment should be limited to a sum merely sufficient to cover the claims, including necessary costs, of the creditors actually named in this record who are favored by reason of the statute of 1903.

It is manifest from what has been said that this court cannot determine from the record now before it how much should be awarded as the money judgment. The relative rights of the parties are out of the ordinary in an action for mere possession. The receiver has no greater interest in the property conditionally sold by Springer than will be sufficient to protect the particular creditors who are favored by the statute, and Springer should therefore not be required to respond to a judgment for a greater sum. We think the cause must therefore be remanded to the superior court for the purpose of further trial to be confined to proof of the facts indicated above as necessary to be determined in order to fix the amount

of the money judgment. This can be easily done, as the same court controls both the receivership and this case, and substantial justice may thus be done to all concerned.

Appellant Springer suggests that, inasmuch as a trustee in bankruptcy had been appointed prior to the trial of this cause, the possession, as between the trustee and the receiver, belonged to the former. The receiver had, however, been appointed and qualified and this action was commenced before the adjudication in bankruptcy. Under such circumstances, the state court was not deprived of its jurisdiction, and the receiver continues to act notwithstanding the action of the bankruptcy court. *State ex rel. Heckman v. Superior Court King County*, 28 Wash. 35, 68 Pac. 170, 92 Am. St. 826. It is also claimed that the judgment awarding the trustee in bankruptcy his costs against Springer is erroneous. It is true, the trustee was brought in as a party defendant by Springer himself. The trustee did not, however, disclaim any interest in the property, but he filed an answer and claimed the right to possession as against both Springer and the receiver. He was denied the relief he asked, but was given a judgment for his costs against Springer. We think this was error, and that the judgment for costs should be reversed.

The judgment in the cause is reversed for all the reasons stated above, and the cause is remanded with instructions to enter a modified judgment after further hearing, in accordance with this opinion.

RUDKIN, MOUNT, and CROW, JJ., concur.

FULLERTON and ROOT, JJ., took no part.