[No. 11788.    Department One.    June 25, 1914.]

R. M. Armour, *Respondent*, v. Frederick L. Seixas *et al.*, *Appellants.*[1]

Appeal—Review—Questions Not Presented Below—Pleadings. In an action of replevin, it is immaterial that the complaint failed to allege that the *res* was in the county where the action was brought, where it appeared that all the parties resided, and inferentially that all the transactions took place, in that county, and one of the defendants admitted possession, and there was no evidence that the *res* was not at all times in the county.

Replevin—Demand—Necessity—Pleading and Proof. A nonsuit in replevin should not be granted for failure to allege a demand, where the demand was proved; nor for failure to prove a demand upon a defendant claiming the right of possession as owner.

Garnishment — Pending Suit — Effect — Stay of Judgment or Execution. Where, after findings for plaintiff in replevin, and pending defendant's motion for a new trial, the defendant was garnisheed as a debtor of the plaintiff, or as having property in its possession belonging to plaintiff, the defendant should be allowed to show such fact, which, if found to be true, entitled defendant to a stay of judgment or execution to the end that it might protect itself from a double liability for the same debt, until the garnishment was disposed of.

Replevin—Value of Property. A finding of the value of the property is essential to sustain a judgment of replevin.

Replevin—Value of Property—Evidence. In replevin, an admission of the value of the property, an automobile, several months before it was taken, is not evidence of the value at the time of the taking.

Same—Value of Property—Evidence—Sufficiency. In replevin, a finding of the value of the property is not supported by the uncontroverted affidavit for the writ alleging the value of the property at the time of the taking, where neither the affidavit nor the writ was served on the defendants, and the same value alleged in the complaint was denied in the answer.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 3, 1913, upon find-

[1] Reported in 141 Pac. 308.

ings in favor of the plaintiff, in an action of replevin, tried on the merits to the court.   Modified.

*Byers & Byers*, for appellants.

*H. D. Allison*, for respondent.

ELLIS, J.——This is an action of claim and delivery, to recover the possession of an automobile.   It was originally commenced against the defendant Seixas alone.   He answered, alleging that, prior to the commencement of the action, he had delivered the property to the Elliott Bay Investment Company.   On his demand, the court ordered that that company be made a party defendant.   The Elliott Bay Investment Company answered, admitting possession, and claiming ownership.   The plaintiff replied to these answers.   The cause was tried to the court without a jury.

The court found, in substance, that, about May 29, 1911, the Elliott Bay Investment Company, a domestic corporation, sold to the plaintiff, the defendant Seixas and one Thorne, a certain automobile, for $1,000; that the automobile was delivered to the partners, and was rightfully in their possession; that subsequently, Thorne and the defendant Seixas transferred to the plaintiff all their right and interest in the automobile, and delivered to him the possession thereof, which transaction was evidenced by a written agreement executed about August 21, 1911; that, on or about the 15th day of December, 1911, the defendant Seixas wrongfully, and without due process of law, took the automobile into his possession and from the possession of the plaintiff, and has, ever since, refused to deliver it to the plaintiff; that, at some date subsequent to the taking of the automobile, Seixas wrongfully delivered the possession thereof to the defendant Elliott Bay Investment Company, which now has possession thereof; that, prior to the commencement of this action, the plaintiff made demand upon the defendant Seixas for a return of the automobile, which was refused; that, at the time the defendant Elliott Bay Investment Com-

pany was made a party to this suit, demand was also made upon that company for the delivery of the automobile, which was refused; that, at all times since August 21, 1911, plaintiff was, and now is, the owner of the automobile and is entitled to the possession thereof; that the value of the automobile is the sum of $1,000. These findings, save the last, were supported by the evidence. They were made on March 3, 1913. Upon appropriate conclusions of law, the court, on the same day, entered judgment against both defendants for the delivery of the automobile to the plaintiff within twenty days from the entry of judgment, or, in case of appeal and *supersedeas*, within seven days from the return of the *remittitur*, and, in the event that the automobile cannot be delivered to the plaintiff, he have and recover judgment against the defendants and each of them for the sum of $1,000 and his costs, and that execution issue therefor. Both defendants appealed.

I. The appellants first claim that the judgment should be reversed for the reason that the complaint failed to allege, and the evidence to show, that the automobile was in King county when the suit was brought. We find it unnecessary to decide whether, in a suit of this character, it is necessary to allege the presence of the *res* in the county where the action is brought. It was alleged that all of the parties resided in King county and, inferentially, that all of the transactions found by the court took place in that county. In its answer, the appellant Elliott Bay Investment Company admitted its possession of the automobile, and claimed the right to possession as owner. The pleadings did not show, nor did it develop in evidence, that the automobile was not at all the times mentioned within King county. Under the rule announced in *Andrews v. Hoeslich*, 47 Wash. 220, 91 Pac. 772, 125 Am. St. 896, 18 L. R. A. (N. S.) 1265, and followed in *Gourley v. Smith*, 78 Wash. 286, 139 Pac. 58, the plaintiff was entitled to maintain his action. The

decision in *Dow v. Dempsey*, 21 Wash. 86, 57 Pac. 355, rests on different facts.

II.   The appellants moved for a nonsuit, the only specific ground mentioned being that no demand upon either of them for the delivery of the automobile was pleaded or proved.   It is true that no demand was pleaded, but demand upon Seixas was proved.   As to the appellant Elliot Bay Investment Company, no demand was necessary.   It claimed the right of possession as owner.   This absolved the plaintiff from making demand.   *Seattle Nat. Bank v. Meerwaldt*, 8 Wash. 630, 36 Pac. 763.   34 Cyc. 1410, 1411.

III.   While the cause was pending on the appellants' motion for a new trial, the Elliott Bay Investment Company moved for leave to file a supplemental answer, setting up the fact that, since the trial, it had been garnisheed by certain creditors of the respondent, Armour, as a debtor of Armour, or having in its possession property belonging to Armour, and moved for a continuance or stay of proceedings until the determination of the garnishment cases.   The court denied permission to file the supplemental answer and refused a continuance or stay.   In this, we think the court was partially in error.   There was no error in the refusal to stay the entry of judgment.   That was a matter resting largely in discretion.   The court, however, should have permitted the filing of the supplemental answer and received evidence as to the truth of its allegations.   If it then found that, in fact, such garnishments were pending, it should have either stayed the entry of the judgment or incorporated in the judgment a stay of execution, either in whole or in part, as was necessary to protect the appellant from a double liability for the same debt, until the garnishments were disposed of. The appellant, as garnishee, was entitled to some opportunity to protect itself.   *Ulrich v. Hower*, 156 Pa. St. 414, 27 Atl. 243.   In Rood on Garnishment, § 197, what we believe to be the correct rule is stated as follows:

"In such cases the proper practice is to bring the fact of the garnishment to the attention of the court by motion, petition, plea, or plea puis darrein continuance, as the circumstances may require, whereupon the court will stay all proceedings before judgment, or allow judgment to be entered, with stay of execution, in whole or in part, as justice demands; and if judgment has been rendered, execution will be stayed till the garnishment is disposed of."

See, also, *Blair v. Hilgedick*, 45 Minn. 23, 47 N. W. 310; *Jones & Dow v. Wood*, 30 Vt. 268; *Shealy v. Toole*, 56 Ga. 210; *Belcher v. Grubb*, 4 Har. (Del.) 461. When, as in this case, the trial was completed, and the court, with the facts fresh in mind, was ready to make its findings, the course last mentioned in the text quoted was certainly preferable, and, we think, should have been adopted.

IV. Finally, it is claimed that the judgment should be reversed because there was no proof of the value of the automobile. The finding of value is a necessary part of a verdict to sustain the judgment in cases of this character, when tried to a jury. In *Meeker v. Johnson*, 3 Wash. 247, 28 Pac. 542, this court, speaking through the late Chief Justice Dunbar, quotes, with approval, from § 9 of Cobbey on Replevin, as follows:

"Although the technical action of replevin has been abolished by statutes in many of the states, and, strictly speaking, cannot be said to exist in any of them, an action for the recovery of specific personal property is recognized in nearly all of them, and, generally, all the remedies formerly secured to parties by the action of replevin and trover may be had in a single action of replevin or its statutory equivalent under another name, to recover a chattel, or its value, and damages for its detention;"

and adds:

"This is evidently the object of our statute, to combine the actions of replevin and trover, and to adjudicate in one action all the questions involved, and which are necessary to completely determine and settle the matter in controversy. This is the general policy of the law, and such a construc-

tion will be put upon a statute whenever its terms will permit. The value of the hops was placed in issue by the pleadings. In the event that the hops had been destroyed by fire, or had been disposed of in any way so that a return could not be effected, this value would become very material in enforcing the judgment against plaintiffs, and they should not be put to the expense of another trial and another jury to ascertain a fact which was presented to this jury by the pleadings. We think the cases cited by the appellants sustain this view, and that the verdict was not in compliance with the mandatory provisions of the statute, and therefore illegal."

Obviously, a finding of value by the court is also essential to sustain the judgment where the cause, as in this case, is tried to the court without a jury. The court found the value of the automobile at the time of trial was $1,000. This was the value alleged in the complaint, but this averment was denied in the answers. No proof of value was offered on either side. The court evidently proceeded upon one of two theories: either that the admission in the answer of the investment company that it sold the automobile to the respondent and his partners for $1,000, in August, 1911, was evidence of its value at the time of trial, or that the allegation in the affidavit for the writ of replevin that the automobile was of that value when taken was sufficient to put the appellants to proof of a different value. The finding that the automobile was actually worth $1,000 at the time of the trial cannot be sustained upon either theory. It was immaterial in any event, according to what we believe the better rule under a statute such as ours. The value of the machine at the date of its conversion in December, 1911, was the material thing, not its value at the time of the trial in March, 1913. *Sherman v. Clark*, 24 Minn. 37; *McLeod v. Capehart*, 50 Minn. 101, 52 N. W. 381; *Aultman Co. v. McDonough*, 110 Wis. 263, 85 N. W. 980. This is the rule in this state in trover and conversion, which is the alternative phase of our action of claim and delivery. *McSorley v. Bullock*, 62 Wash. 140, 113 Pac. 279; *Hetrick v. Smith*, 67 Wash. 664, 122 Pac.

*363; Hofreiter v. Schwabland,* 72 Wash. 314, 130 Pac. 364. The evidence is insufficient to enable us to supply the proper finding. The admitted value of $1,000 in August, 1911, was not sufficient evidence to sustain a finding of that value in December, 1911. Several months had elapsed during which the respondent and his former partners had used the machine. It is matter of common knowledge that machinery such as this may deteriorate rapidly with use.

Nor will the other theory support the finding. It is true, as held in *Peterson v. Woolery,* 9 Wash. 390, 37 Pac. 416, that the value stated in the affidavit will be taken as the true value at the time of the taking unless the defense gives some evidence showing a different value. In the present case, however, that rule cannot apply, since the record fails to show that either the affidavit for the writ or the writ itself was ever served upon either of the defendants. The sheriff's return merely recites that he received the writ, affidavit and bond on January 26, 1912, and "after diligent search and inquiry, was unable to find any of the personal property described in the said affidavit in replevin, in King county." The appellants should not be held bound by a recital of value in an affidavit which was not shown to have been served upon them, especially when the same allegation of value in the complaint was put in issue by their answers.

The appellants insist that, for this failure of proof, the judgment should be reversed and the action dismissed. We are of the opinion, however, that substantial justice will better be served by remanding the cause, to the end that additional evidence be taken, a finding of value made thereon, and the judgment modified accordingly. *Springer v. Ayer.* 50 Wash. 642, 97 Pac. 774.

The cause is remanded with directions for further proceeding in accordance with this opinion.

CROW, C. J., GOSE, MAIN, and CHADWICK, JJ., concur.