[No. 14999.  Department One.  December 18, 1919.]

OSCAR WIRKKALA *et al., Plaintiffs*, v. WIRKKALA
BROTHERS LOGGING COMPANY, *Defendant*.
MULTNOMAH LUMBER & BOX COMPANY, *Appellant*, v.
M. H. SCHMEER, *Respondent*.[1]

CORPORATIONS (224) — RECEIVERS — POWERS — REPRESENTATION OF
CREDITORS.  As the receiver of an insolvent corporation represents
the creditors, he may avoid a transaction whereby the corporation
had given a bill of sale in fraud of creditors and taken back a lease
of donkey engines which in fact belonged to the corporation.

RECEIVERS (72)—REMEDIES OF RECEIVER IN RECEIVERSHIP PROCEED-
INGS.  Where the receiver of an insolvent corporation had a right,
on behalf of creditors, to avoid a bill of sale and lease made in
fraud of creditors, and all the parties are before the court upon an
order to show cause why he should not deliver the property pursuant
to the fraudulent bill of sale, he may interpose the fraud by way of
an affirmative defense, and the court has jurisdiction to determine
the merits without resort to an independent action.

Appeal from a judgment of the superior court for
Wahkiakum county, Hewen, J., entered April 4, 1918,
upon overruling a demurrer to the answer, upon the
hearing of an order directing a receiver to show cause
why property in his possession should not be delivered
to the petitioner.  Affirmed.

*John K. Kollock,* for appellant.
*Cake & Cake,* for respondent.

MACKINTOSH, J.—The Multnomah Lumber & Box
Company, on November 4, 1916, delivered to Wirkkala
Brothers Logging Company two written leases cover-
ing three donkey engines which were to be used by the
lessee in its logging business.  After the execution of
the leases, the respondent was appointed receiver of
the Wirkkala Brothers Logging Company, in an action

instituted by the stockholders of the company. At the time of the receiver's appointment, the donkey engines were in the possession of the logging company. Multnomah Lumber & Box Company, the appellant, filed in the original proceedings wherein the receiver was appointed a petition that the receiver show cause why he should not be compelled to deliver to the box company the donkey engines in accordance with the terms of the leases, which provided that the donkey engines be returned to the box company upon the completion of a certain logging contract. The receiver filed an answer to the order in which he plead certain affirmative defenses, with only one of which we are interested here, namely, that the donkey engines in question, prior to the leases, were in the possession of the Wirkkala Brothers Logging Company, and that, as part of one transaction, the logging company had executed bills of sale of the donkey engines to the box company, and that the box company had then executed the leases; that this transaction was a pretense and a sham and was not entered into in good faith, but was intended to conceal the uninterrupted possession by the logging company and avoid the necessity of recording the bills of sale and leases, and that such was in fraud of creditors, and that the box company had no right, title or interest in or to the donkey engines, and that the entire transaction had been made while the logging company was insolvent. Demurrers were interposed to this affirmative defense and overruled, which ruling raises the question involved in this appeal.

It is the position of the appellant that the receiver, upon his appointment, had no greater right than the logging company, and that neither the logging company nor the receiver should be permitted to deny the title of the box company, relying upon the general rule that a bailee, when he receives property by bailment

legally, admits the right of the bailor to make the contract of bailment, and that the bailee cannot, for his own benefit, deny the title of the bailor. The error in this position consists in the fact that, although the receiver of the insolvent company stands in the shoes of the corporation and has the same rights which the insolvent corporation has, he also has a greater authority and responsibility, for he is the representative, not only of the insolvent corporation, but of the creditors, and, as such, he has the right to resist actions which may be begun to enforce transactions entered into by the corporation in fraud of its creditors and may avoid such actions as would consummate a fraud upon the creditors. By demurrer, the appellant admits the allegations of the answer which set up an illegal and fraudulent conspiracy to defraud the creditors of the logging company, and the receiver, having the authority which we have noted, had a right, on behalf of the creditors, to take and maintain the position that the entire transaction was fraudulent, although, had he been solely representing the corporation, he would have been bound by the rule of law contended for by the appellant. As was said in *In re Wilcox & Howe Co.*, 70 Conn. 220, 39 Atl. 163:

" 'The receiver for most purposes represents and stands in place of a corporation, and can enforce only such contracts and rights as it could enforce. But when acts have been done by the corporation in violation of law and in fraud of creditors, the receiver, who for all beneficial interests connected with the trust is regarded as a representative of the creditors, may repudiate their acts, taking care, however, that third parties who are without fault do not suffer. Such cases, however, are exceptions to a general rule, and it should clearly appear that the case is within the exceptions.' . . . As the receiver is thus a representative of the corporation for some purposes, and may for such purposes be called its personal repre-

sentative within the meaning of the statute, and as he also represents creditors for some purposes, the precise question here is, whether the receiver, *quoad* these conditional contracts of sale and the property covered by them, is the personal representative of the corporation within the meaning of the statute; and we are of opinion that he is not. The commencement of proceedings for the appointment of a receiver of a corporation, or of a copartnership, dissolves all attachments and all levies of executions not completed, made within sixty days next preceding, on the property of the corporation or copartnership. [Statutes of Connecticut.] And by the appointment of a receiver the rights of creditors to attach or levy upon such property are suspended. . . . The law thus disables the creditors from interfering with that property, or from in any way appropriating it for their sole benefit; but in so doing it does not lessen their rights with respect to such property, nor does it destroy them; it merely provides for their protection and enforcement in another way. And whenever the law thus disables creditors from helping themselves, whether by proceedings in insolvency or bankruptcy, or by the appointment of a receiver or otherwise, it provides for the enforcement of whatever rights they may possess against the property of the debtor, through the instrumentality of its agent, the trustee, assignee or receiver. For the purpose of enforcing any such right which the creditor could have enforced for his sole advantage, and for the purpose of holding or taking any property which a creditor could hold or take by law, or for recovering back any property of which a creditor could avail himself in payment of his debt, the trustee, assignee, or receiver is in effect the creditor. . . ."

In the case of *Washington Mill Co. v. Sprague Lumber Co.*, 19 Wash. 165, 52 Pac. 1067, we followed the same course of reasoning, and said:

"It is contended by the learned counsel for appellant that, inasmuch as the Lumber Company and all of its stockholders have at all times recognized the note

and mortgages as valid and subsisting obligations against the corporation, neither the stockholders nor the corporation can now be heard to say that they are invalid, and that the creditors of the corporation are in no better position in that regard than the stockholders themselves. But, assuming for the present, that the validity of the mortgages cannot be called in question by the stockholders, all of whom authorized their execution, it by no means follows that they are good against the creditors of the Lumber Company or their representative, the receiver. The receiver of an insolvent corporation represents not only the corporation, but also the stockholders and creditors, and it is his duty to assert and protect the rights of each of these classes of persons. . . . And as a representative of creditors, the receiver is vested with rights not possessed by the corporation. . . . In behalf of creditors he may disaffirm acts of the corporation, and maintain actions to set aside transfers and conveyances of the corporate property made in fraud of their rights.''

The case of *Springer v. Ayer,* 50 Wash. 642, 97 Pac. 774, contains the statement:

''The receiver represents the creditors, and it is his duty to guard the interests of all of them when he is advised what the interests are.''

In *Spencer v. Alki Point Transportation Co.,* 53 Wash. 77, 109 Pac. 509, 132 Am. St. 1058, this rule of law received further sanction.

On argument, the appellant contended that, in this action, it was only seeking possession of the donkey engines and that the court should not inquire into the matters raised by the affirmative answer, but should have ordered delivery according to the terms of the leases, and that thereafter the receiver might begin suit against the appellant based upon the fraud as alleged in his answer. In other words, that the proper procedure would be for the court, with one hand, to take

from A and give to B, and then, with the other, reach out and take from B to return to A. There may be some situations in which such procedure is necessary, but, as we view the situation here, it is unnecessary. All the parties are before the court, and the receiver holding the property has a right, on behalf of the creditors, to assert that the claim being made for its possession by the appellant is based upon a fraudulent and collusive scheme.

The judgment decreeing the bills of sale and leases to be cancelled as to the creditors is affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.