[No. 18385.   Department Two.   May 13, 1924.]

E. F. JAMES, *Respondent*, v. AUGUST WEIFFENBACH,
*Appellant*.[1]

REPLEVIN (36)—DAMAGES—MEASURE AND AMOUNT. It is reversible
error, in replevin for corporate stock, to admit evidence of the
increased value of the stock since the commencement of the action
and to award damages for the value at the time of the trial, instead
of the value at the time of the demand and refusal to deliver the
property.

Appeal from a judgment of the superior court for
King county, Frater, J., entered July 3, 1923, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action of replevin. Modified.

*Preston, Thorgrimson & Turner* and *F. C. Kapp*, for
appellant.

*G. F. Vanderveer*, for respondent.

MITCHELL, J.—This is an action in replevin, com-
menced in March, 1923, to recover the possession of
three certificates of stock, aggregating twenty shares,
of the Progressive Company, a corporation. The com-
plaint fixed the value of the stock at $1,500. Upon
appropriate denials, including one that the stock was
of any greater value than $200, a jury trial was had,
which resulted in a verdict in favor of the plaintiff as
demanded in the complaint. Defendant's motion for a
new trial having been denied, he has appealed from a
judgment on the verdict.

A number of assignments of error have been made
which very properly have been argued together by the
appellant, since they all pertain to the claim of an
erroneous theory of fixing the value of the property—
that is, the time with reference to which the value

[1] Reported in 225 Pac. 627.

should be fixed. The property was placed in the possession of the appellant in 1921, and on the issues made and the evidence introduced, it must be assumed, as the appellant concedes, that the jury has found that, upon a proper tender made on August 26, 1922, by the respondent, which was kept good and continued by the terms of the complaint, he became entitled to a return of the property, which was refused by the appellant on that date. This issue as to the right of possession of the property, together with that part of the verdict and judgment relating to it, are therefore no longer questioned by the appellant.

The appellant at all times insisted that the value of the property should be fixed with reference to the date of August 26, 1922. The testimony of witnesses on his behalf showed the stock to be worth from $11 to $15 per share on or about that date. On behalf of the respondent the testimony, which was objected to by the appellant, showed that, at the date of the commencement of the action, the twenty shares of stock had a value of $1,500, and that, at the date of the trial, June, 1923, had a value of $1,800. The court instructed the jury, to which appellant filed exceptions, on the subject of the value of the property, "whatever sum you find from the evidence is the value of this stock at this time or at any time between the 31st day of December, 1921, and the date of trial, today, not exceeding the sum of $1,500." Allowing this evidence and giving this instruction on behalf of the respondent we think constituted reversible error.

In the case of *Armour v. Seixas,* 80 Wash. 181, 141 Pac. 308, after stating that in *Meeker v. Johnson,* 3 Wash. 247, 28 Pac. 542, it was held that all the remedies formerly secured to the parties by the action of replevin and trover may be had in a single action of replevin or its statutory equivalent under another name,

the *Meeker v. Johnson* case (in which there was no finding in the trial court of the value of the property) is quoted in part, as follows:

"This is evidently the object of our statute, to combine the actions of replevin and trover, and to adjudicate in one action all the questions involved, and which are necessary to completely determine and settle the matter in controversy. This is the general policy of the law, and such a construction will be put upon a statute whenever its terms will permit. The value of the hops was placed in issue by the pleadings. In the event that the hops had been destroyed by fire, or had been disposed of in any way so that a return could not be effected, this value would become very material in enforcing the judgment against plaintiffs, and they should not be put to the expense of another trial and another jury to ascertain a fact which was presented to this jury by the pleadings. We think the cases cited by the appellants sustain this view, and that the verdict was not in compliance with the mandatory provisions of the statute, and therefore illegal."

In the *Armour v. Seixas* case, *supra,* it was further held, "the finding of value is a necessary part of a verdict to sustain the judgment in cases of this character, when tried to a jury," and "obviously, a finding of value by the court is also essential to sustain the judgment where the cause, as in this case, is tried to the court without a jury." Such, indeed, is the requirement of the statute where, as here, at the time of the trial the property has not been delivered to the plaintiff. Rem. Comp. Stat., § 363 [P. C. § 8527]. This the court had the jury do in the present case, as shown by the instructions and the contents of the verdict carried forward into the judgment. But this necessary and essential part of the verdict and judgment must, under the law, find its justification in proper evidence and the application of the correct rule of law. Imme-

diately on this point we said in the *Armour v. Seixas*
case, *supra:*

"The finding that the automobile was actually worth
$1,000 at the time of the trial cannot be sustained upon
either theory. It was immaterial in any event, accord-
ing to what we believe the better rule under a statute
such as ours. The value of the machine at the date of
its conversion in December, 1911, was the material
thing, not its value at the time of the trial in March,
1913. *Sherman v. Clark,* 24 Minn. 37; *McLeod v. Cape-
hart,* 50 Minn. 101, 52 N. W. 381; *Aultman Co. v. Mc-
Donough,* 110 Wis. 263, 85 N. W. 980. This is the rule
in this state in trover and conversion, which is the
alternative phase of our action of claim and delivery.
*McSorley v. Bullock,* 62 Wash. 140, 113 Pac. 279; *Het-
rick v. Smith,* 67 Wash. 664, 122 Pac. 363; *Hofreiter v.
Schwabland,* 72 Wash. 314, 130 Pac. 364. The evidence
is insufficient to enable us to supply the proper find-
ing."

A new assurance of that rule in this state was given
in the case of *American Packing Co. v. Luketa,* 115
Wash. 1, 196 Pac. 1, as follows:

"This court has adopted the view that in replevin
actions, as well as in actions of simple trover, the al-
ternative money judgment is to be measured in amount
by the value of the property at the time of demand for,
and refusal of, possession thereof, or the value of the
property at the time it is taken. Such was the holding
of this court in the claim and delivery action of *Armour
v. Seixas,* 80 Wash. 181, 141 Pac. 308, following Minne-
sota and Wisconsin cases therein cited."

Following the rule of procedure stated in *Armour v.
Seixas, supra,* and *Springer v. Ayer,* 50 Wash. 642, 97
Pac. 774, the case will be remanded to the trial court to
the only purpose that evidence be taken and a verdict
or finding of value made thereon according to the views
herein expressed, and thereafter the judgment be modi-
fied accordingly.

MAIN, C. J., FULLERTON, and MACKINTOSH, JJ., con-
cur.